Rosen & Kantrow, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT  RETURN DATE: **5/19/20**
EASTERN DISTRICT OF NEW YORK  TIME: **10:00 a.m.**
----------------------------------------------------------X
In re:

                                    Chapter 7

      DIA M. CATANIA,  Case No. 20-70768-las

                           Debtor.
----------------------------------------------------------X

## TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN CONSTRUCTIVE TRUST

TO:   HON. LOUIS A. SCARCELLA
        UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, trustee (the "Trustee"), by and through his attorneys, Rosen & Kantrow, PLLC, respectfully submits this as and for his objection (the "Objection") to the claim of an exemption pursuant to section 522(d)(5) of title 11 of the United States Code (the "Bankruptcy Code") in a "Constructive Trust" and states as follows:

1. Dia M. Catania, debtor (the "Debtor") filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on February 4, 2020 (the "Petition Date").

2. Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as the permanent case Trustee.

3. On Schedule A/B of the Debtor's Petition and Schedules, the Debtor asserted that she owned an asset which she described as "Constructive Trust – Transfer of 214 Whittier Drive, Mastic Beach, New York on 1/31/2019 without consideration as "Gift of Equity" (the "Asset"). Further, the Debtor asserted an exemption in this Asset pursuant to section 522(d)(5) of the Bankruptcy Code in the amount of $13,900.

4. Pursuant to section 522 of the Bankruptcy Code, the Debtor's claim of exemption applies to exempt the property, until and unless a party in interest objects to such claim of exemption. Thus, the Trustee's timely objection to the claim of exemption shifts the burden to demonstrate the existence of a properly asserted claim of exemption back to the Debtor.

5. To determine whether the Debtor has asserted a proper claim of exemption, the Court must examine the nature of the exempted asset. According to the Debtor's sworn schedules, she admits that on or about January 31, 2019, she transferred her interest in the real property commonly known as 214 Whittier Drive, Mastic Beach, New York (the "Real Property") for less than fair consideration. In fact, that is precisely what she did. A review of the closing documents issued in connection with the Debtor's transfer of her interest in the Real Property reveals that she sold her fee simple ownership interest in the Real Property to Frank Brusack, Jr. for the purchase price of $147,000. Moreover, the Closing Statement indicated that the Debtor gifted equity to Brusack in the amount of $51,809.83. The Debtor claimed the transfer in the amount of $51,309.00 in her petition and schedules.

6. The Trustee intends to commence an action against Brusack to recover the alleged fraudulent conveyance. However, what would be ridiculous, would be to allow the Debtor, the party that conveyed away her interest for less than fair consideration, to somehow have a claim of an exemption in that which she fraudulently conveyed away. Despite the Debtor's foolish argument that she "disclosed" the transfer, and thus that somehow changes the fact that it was nonetheless a fraudulent conveyance, she has a

"right" to assert an exemption as she has a right to exempt property of the estate, equitable or otherwise. She further asserts that exemptions are liberally construed.

7. Assuming *arguendo* that the Debtor may exempt property in which she holds an equitable interest, and further assuming that exemptions are liberally construed, case law makes it abundantly clear that the Debtor cannot exempt property which was fraudulently conveyed.

8. As a starting point, the Court must determine if the Debtor has the right to assert a "constructive trust" interest in property which she fraudulently conveyed away. The answer is absolutely not. While the Debtor held title to the Real Property prior to the conveyance in which she engaged, she did not transfer the Real Property and hold any remaining interest in after she conveyed it away. Under New York law, it would appear the Debtor argues, that this Court should, as an equitable remedy in her favor, impose a constructive trust. The determination of the estate's interest in property is left to the law of the state. *Butner v. United States,* 440 U.S. 48, 54 (1979). In the absence of any controlling federal law, the legal interests of property are creatures of state law. The question under federal bankruptcy law is whether the Debtor held, under applicable state law, a viable interest of her own as of the Petition Date in property. *See, e.g., Davis v. Cox,* 356 F.3d 76, 89 (1st Cir. 2004).

9. Under New York law, a court will declare a party a constructive trustee of property for benefit of another if he acquired the property through fraud, mistake, breach of duty, or in other circumstances that he would unjustly enriched. *See, e.g., Crown Realty Co. v. Crown Heights Jewish Community Council,* 175 A.D.2d 151, 572 N.Y.S.2d 38 (2d Dep't 1991). Normally, cases on constructive trusts are generally two party disputes.

However, this dispute arises in the bankruptcy context and therefore involves another party and consideration of federal bankruptcy law. The other party is the Trustee, representing the bankruptcy estate and its creditors. The competing considerations are the dictates of the Bankruptcy Code regarding the manner in which property is to be distributed. These establish certain rules of priority, as set forth for chapter 7 in section 726 of the Bankruptcy Code and further embody the principle that creditors of equal priority should share in assets available to creditors of that priority on a pro rata basis. The imposition of the Debtor's claim of a constructive trust would effectively give preference to the Debtor over other creditors by giving her rights that she fraudulently conveyed away.

10. The Debtor's assertion would somehow provide that the Bankruptcy Code would preempt the determination under state law of whether the property in question should be impressed with a constructive trust. Moreover, in making the state law determination of whether a particular asset should be impressed with a constructive trust, it is germane for the equitable decision to include consideration of the Trustee and creditors as parties in interest. As a constructive trust is an equitable remedy, equity cannot be blind to the actions of the Debtor – the very person who conveyed away an asset for less than fair consideration. In view of these consideration, and on these facts, no constructive trust is appropriate here. There are simply no facts present in the instant case that support the imposition of a constructive trust in favor of the person who engaged in the fraudulent conveyance.

11. Lastly, it is well settled that a claim of exemption in property because section 541 includes the Debtor's equitable interests, is not a valid conclusion. The Debtor's

argument that she has an equitable interest by virtue of the imposition of a constructive trust in the funds she conveyed away, which the Trustee has already refuted, fails. As the Court in *In re Trotta,* 12 B.R. 843 (Bankr. D. Conn. 1981) held, "[T]hey say that where a legal interest is understood to be held by one for the benefit of another, a constructive trust may be found. Having thus asserted that Thomas has a substantial equitable interest in the property, the Trottas note that 11 U.S.C. § 541(a)(1) specifically includes such equitable interests within the definition of property of the estate and that accordingly, the Debtor is entitled to consider it property for the purposes of claiming an exemption under 11 U.S.C. Section 522(d)(5). This conclusion to their syllogism is not valid. Although equitable interests of the debtor at the commencement of the case are property of the estate, it does not follow that such interests are automatically subject to claims of exemption. Clearly, nothing in section 541 abrogates basic rules of property…"

## SANCTIONS FOR IMPROPER CLAIM OF EXEMPTION

12. The wrongful assertion of a claim of exemption is a serious matter. It exhausts the resources of this Court and forces the Trustee to act as a policeman. The so-called practice of "exemption of declaration" is not a new phenomenon and certainly one that should not be countenanced. The Court in *In re Bennett*, 36 B.R. 893 (Bankr. W.D. Ky. 1984) undertook a detailed analysis of such practice. The Court stated, "[W]hat we have chosen to call "exemption by declaration" is unacceptable for broader policy reasons. The obvious result of such a rule would be to encourage a debtor's claim that all of his property is exempt, leaving it to the bankruptcy trustee and creditors to successfully challenge the claim. We would revert to the law of the streets, with bare

possession constituting not nine, but ten, parts of the law; orderly administration of estates would be replaced by uncertainty and constant litigation if not outright anarchy."

13. Moreover, the Third Circuit found in *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir. 1991) in the absence of an objection filed [timely] property claimed as exempt by the debtor is exempt. However, the *Taylor* Court emphasized that Rule 9011 of the Federal Rules of Bankruptcy Procedure forbids bad faith exemption claims and authorizes sanctions for violations of this prohibition. *Id.* at 426. The United States Supreme Court affirmed the *Taylor* decision. The Supreme Court addressed the concern that debtors would be encouraged to claim as exempt property that would otherwise not be exempt in the hope that no objection would be filed by stating that "debtors and their attorneys face penalties for engaging in improper conduct in bankruptcy proceedings." 503 U.S. 638 (1992). The Supreme Court referred to section 727(a)(4)(B), Rule 9011, Rule 1008 and 18 U.S.C. §152 as "provisions [that] may limit bad-faith claims of exemptions by debtors. *Id.* This language has been interpreted to mean that "courts are to impose Rule 9011 sanctions to deter improper exemptions by declaration." *In re Evans,* 242 B.R. 407, 413 (Bankr. S.D. Oh. 1999).

14. The Court in *In re Smith,* 143 B.R. 912 (Bankr. D. Neb. 1992) held that "the assertion of exemptions without statutory basis is a serious matter. . . If an attorney or party violates Rule 9011 by claiming exemptions which are not supported by the facts or by law, the bankruptcy court should impose sanctions." The Court went on to state, "it is obvious that counsel may not participate in any fashion to assert exemptions in the United States Bankruptcy Court to which their client is not entitled. Debtor's counsel,

as an officer of the court providing professional services in connection with a case, must discharge duties in accordance with high professional standards." 143 B.R. at 914. Bankruptcy "gamesmanship" cannot be tolerated.

15. In the end, the Debtor and the Debtor's counsel have an obligation. That obligation is to meet ethical and legal obligations and not force the Trustee to engage in a game of "gotcha" and be forced to object to an exemption that simply has no basis in law or fact. At the very least, Debtor and Debtor's counsel should be admonished, and Debtor's counsel warned that such behavior shall not be tolerated on a going forward basis.

WHERREFORE, Trustee respectfully requests that this Honorable Court enter an Order striking the claim of exemption together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
April 23, 2020

        Rosen & Kantrow, PLLC
        Attorneys for Allan B. Mendelsohn, Trustee

BY:   S/Fred S. Kantrow
        Fred S. Kantrow
        38 New Street
        Huntington, New York 11743
        631 423 8527
        fkantrow@rkdlawfirm.com