UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                   Chapter 7

Dia M Catania,                                                      Case No.: 20-70768-las

                           Debtor(s).
-------------------------------------------------------X

MEMORANDUM OF LAW

                                               Respectfully submitted,

                                               <u>S/Richard F. Artura, Esq.</u>
                                               Richard F. Artura, Esq.
                                               Phillips, Artura & Cox
                                               Attorneys for Debtor
                                               165 South Wellwood Avenue
                                               Lindenhurst, NY 11757
                                               631-226-2100
                                               Bankruptcy@pwqlaw.com

## ISSUE

Can the debtor claim an exemption against her equitable interest in property?

## Legal Standard

The trustee bears the burden of proving, by a preponderance of the evidence, that the debtor's claimed homestead exemption is improper. *See* Fed. R. Bankr. P. 4003(c). *In re Ward*, 595 B.R. 127, 135 (Bankr. E.D.N.Y. 2018).

Exemption statutes are remedial in nature. In *In re Phillips*, 485 B.R. 53, 60 (Bankr. E.D.N.Y. 2012), the court stated, "[t]his Court acknowledges the well-settled default rule of statutory construction that 'exemptions are to be liberally construed in favor of the debtor'. *In re Rasmussen,* 2010 WL 2889558, at *3 (Bankr.E.D.N.Y. July 20, 2010), *aff'd,* 456 B.R. 1 (E.D.N.Y.2011)."

The trustee seeks herein to curtail the use of an available exemption. He gives little basis for such request and cites to no statutory authority. However, "the bankruptcy court is not free to limit or disallow an exemption for a reason not specified in the Bankruptcy Code." *In re Piccerelli*, 525 B.R. 184 (Bankr. D. Mass. 2015).

The debtor asserted a valid exemption against property of the estate. "There is a prima facie presumption that an exemption is proper. *In re Aubiel*, 534 B.R. 300 (B.A.P. 6th Cir. 2015). § 26:196." Liberal construction of exemption statutes—Consideration of legislative intent and purpose, 2E Bankr. Service L. Ed. § 26:196

## **Argument**

"Wild Card" Exemption

11 USC § 522 provides:

> **(d)** The following property may be exempted under subsection (b)(2) of this section:
>
> **(5)** The debtor's aggregate interest in any property, not to exceed in value $1,250 1 plus up to $11,850 1 of any unused amount of the exemption provided under paragraph (1) of this subsection.

In Schedule B of her petition the debtor disclosed an equitable interest/constructive trust in her former residence. Schedule C applies the "wildcard" exemption against that equitable interest. The trustee objects to the exemption on grounds that are not entirely clear. The statute relied on, aptly nicknamed the "wildcard", allows an exemption in "any" property. "Almost all bankruptcy courts have concluded that the phrase "any property" in Section 522(d)(5) should be given a broad interpretation." *See In re Laird*, 6 B.R . 273, 3 C.B.C.2d 1299 (Bkrtcy. E.D. Pa. 1980), and the cases cited therein; *see also In re Hilbert*, 12 B.R. 434, 436 (Bankr. E.D. Pa. 1981). According to the terms of section 522(d)(5), the exemption may be applied to any property, and there is no limitation of any kind with regard to the type of property that may be exempt under this section. *Matter of Boozer*, 4 B.R. 524, 6 Bankr. Ct. Dec. (CRR) 529, 2 Collier Bankr. Cas. 2d (MB) 435, Bankr. L. Rep. (CCH) P 67572 (Bankr. N.D. Ga. 1980. § 5:6.Section 522(d)(5)—Wildcard exemption, Bankr. Exemption Manual § 5:6. *See also Matter of Eldridge*, 15 B.R. 594, 595 (Bankr. S.D.N.Y. 1981) (holding that "any property" means just that). *In re Upright*, 1 B.R. 694 (Bkrtcy.N.D.N.Y.1979). *See also In re Smith*, 640 F.2d 888 at 892 (7 Cir. 1981).

**Equitable Interest**

The debtor listed in Schedule "B" her equitable interest in the property, as debtors are required to disclose all property at the time of filing. Estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1) (emphasis added). Many courts conclude that that "property" in 522(d)(5) should be construed in the same manner as it is defined elsewhere in the statute with the result that the general exemption in § 522(d)(5) may be applied to any property which is property of the estate. *See Matter of Smith*, 640 F.2d 888, 891 (7th Cir. 1981); *In re LaFlamme*, 14 B.R. 21, 26 (B.A.P. 1st Cir. 1981); *In re Beaudoin,* 427 B.R. 30, 36 (Bankr. D. Conn. 2010), et al. *See also In re Mutchler*, 95 B.R. 748, 755 (Bankr. D. Mont. 1989) ("We agree with the debtors that Congress did not intend to distinguish between section 522 property and section 541 property. We hold that the general exemption may be applied to any property that is property of the estate".). Debtor did exactly that when she applied her 522 exemptions against what is property of the estate, pursuant to statute.

In *In re Cutignola*, 450 B.R. 445, 451 (Bankr. S.D.N.Y. 2011) the court allowed an exemption against the co-debtor's "equitable interest" in his post-petition deceased wife's retirement fund also citing to 11 U.S.C. §541(a)(1). The court stated, "The Court holds that the estate's interest in property acquired post-petition is subject to the debtor's right to exempt property. The plain language of the Bankruptcy Code and Rules clearly indicate that the estate's right to property acquired post-petition is subject to the debtor's rights to exemptions. *See* Bankruptcy Code § 522(b)(a); Fed. R. Bankr.P. 1007(h)." Herein the trustee acknowledges that he will pursue a post-petition action against the transferee to recover the property. See Trustee's Objections ¶6 stating, "The Trustee intends to commence an action against Brusack to recover

the alleged fraudulent conveyance." *See also In re Kester*, 493 F.3d 1208, 1210 (10th Cir. 2007) ("[A]n equitable interest is sufficient to claim the homestead exemption as long as the claimant occupies the real estate.")

Debtors have an absolute right to use exemptions against property of the estate. The superiority of § 522(b)(1), the right to exempt property, extends to all subsections of Bankruptcy Code § 541. *In re Cutignola*, 450 B.R. at 448.

Here, the debtor exempted her equitable interest in this property, as the interest is indisputably property of the bankruptcy estate. §522(d)(5) was availed as opposed to §522(d)(1) as at the time of filing, debtor neither owned nor resided at the property.

## **"Fraudulent" Transfer**

The Trustee refers to debtor's "fraudulent" conduct eight (8) times in his objections. Not surprisingly, he cannot detail an actual fraud. 11 U.S.C. §542 and 11 U.S.C. §544, the Bankruptcy statutes most used by trustee to recover property of the estate do not even contain the elements of fraud.

The NYS statutory scheme for transfers is under Debtor and Creditor Law Article 10 which was inaccurately entitled "Fraudulent Transfers." On December 6, 2019,[1] New York State struck the antiquated 95-year-old Uniform Fraudulent Conveyances Act. It was replaced with the Uniform Voidable Transfer Act. The new act not only brings state law closer to the provisions of the US Bankruptcy Code but removes the descriptive term "Fraud" and brings New

---

[1] The statute became effective April 4, 2020 and does not apply to this transfer.

York's definition of voidable transfers in line with the 21st century nomenclature, *i.e.*, from "fraudulent" transfers to "voidable" transfers.

It is submitted that the Trustee disingenuously employs the term "fraud" for the same reason that he raises Rule 11 sanctions.[2] It is a shameful and deceptive tactic to "ring a bell" and connote that the debtor (and her counsel) perpetrated a fraud and must be punished by having the exemption stricken. The court must not countenance such methods.

## Conclusion

Debtor disclosed her equitable interest in her bankruptcy schedules as it is property of the bankruptcy estate. The cited authority is that exemptions can be taken against "any" property of the bankruptcy estate and the trustee offers scant authority in opposition. The objections must be overruled so to exempt the property from administration and along with the discharge to enable this honest but unfortunate debtor to provide for her and her family while she recovers financially and avoids the adverse consequences of impoverishment.

Dated: May 12, 2020
      Lindenhurst, New York

                                      S/Richard F. Artura, Esq.
                                      Richard F. Artura, Esq.
                                      Phillips, Artura & Cox
                                      Attorneys for Debtor
                                      165 South Wellwood Avenue
                                      Lindenhurst, NY 11757
                                      631-226-2100
                                      Bankruptcy@pwqlaw.com

---

[2] The Rule 11 allegations are procedurally defective in that no formal safe harbor letter was filed and no separate application was made.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re

                                   **CHAPTER 7**

Dia M Catania,

                                   **Case No.:** 20-70768-las

                     Debtor(s).

*MEMORANDUM OF LAW*

**PHILLIPS, ARTURA & COX**
**Attorneys for Debtor(s)**
**165 South Wellwood Avenue**
**Lindenhurst, NY 11757**

Service of a copy of the within is hereby admitted.
Dated:         _____
Attorney(s) for

**SIR:  PLEASE TAKE NOTICE**

[ ] **NOTICE OF ENTRY:** that the within is a (certified) true copy of a     duly entered in the office of the clerk of the within named court on

[ ] **NOTICE OF SETTLEMENT:** that an order     of which the within is a true copy will be presented for settlement to the HON.     one of the judges of the within court, at     on     at

*Certified pursuant to 22 NYCRR Part 130-1.1-a*

**Dated:**                                    Yours, etc.,

**TO:**                                        **BY: Richard F. Artura, Esq.**
                                              **Phillips, Artura & Cox**
                                              **165 South Wellwood Avenue**
**Attorney(s) for:**                     **Lindenhurst, NY 11757**
                                              **(631) 226-2100**